IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANA WARD                                                                    PLAINTIFF

V.                                            NO. 10-5097

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Shana Ward, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).[1] In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405 (g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for SSI on October 27, 2005, alleging an inability to work since October 27, 2005, due to agoraphobia, panic attacks, gastric reflux, asthma, anxiety, depression, disc degeneration, migraine headaches, pneumonia, gestational diabetes, and lumbar strain. (Tr. 44). An administrative hearing was held on September 14, 2007, at which Plaintiff testified and appeared with counsel. (Tr. 301-332).

By written decision dated November 30, 2007, the Administrative Law Judge (ALJ)

---

[1] The ALJ noted that Plaintiff initially alleged June 2, 1995, as her disability onset date, which allowed her to file under Title II of the Act with a remote date last insured of September 30, 1995. At the hearing, however, Plaintiff, through her attorney, moved to amend her alleged onset date to October 27, 2005, effectively dismissing her Title II application. (Tr., 10, 309).

found Plaintiff had an impairment or combination of impairments that were severe - asthma, degenerative disc disease at the L5-S1 level, without impingement, anxiety versus post traumatic stress disorder and/or panic disorder, with agoraphobia. (Tr. 12). However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14 ). The ALJ found that Plaintiff had the residual functional capacity (RFC) to:

> perform a light level of work, restricting her to lifting and/or carrying no more than 20 pounds occasionally, and 10 pounds frequently; standing and/or walking about 6 hours in an 8 hour day; sitting about 6 hours in an 8 hour day; no limitations on pushing or pulling other than those listed under lifting and/or carrying; avoid concentrated exposure to dust, fumes, smoke, chemicals, noxious gases, and other pulmonary irritants; with non-exertional limitations of performing non-complex, simple instructions; routine, repetitive work, with little need for judgment, learning tasks by rote, few variables, and goals set by others; only superficial contact, incidental to work, with the public or co-workers; and concrete, direct, and specific supervision.

(Tr. 14-15). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform assembly work, hand packaging, and poultry deboning. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 2, 2010. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, with respect to Plaintiff's allegations of lower back pain, the ALJ stated:

>As to the low back pain complaints, an MRI performed in September 2001 revealed mild disc space narrowing and disc desiccation at the L5-S1 level, with a small midline disc protrusion, but without any neural impingement. The study was otherwise unremarkable.

(Tr. 16). The ALJ noted that Plaintiff was on medication for several physical impairments, including asthma, GERD, and back pain. However, she found that none of the conditions required any substantial or meaningful treatment, such as emergency room visits, hospitalization, pain injections, or even additional diagnostic evaluations.

At the hearing, Plaintiff testified that her problems with her back began in 2000 or 2001, when she experienced tingling in her legs and numbness, and that she went to the hospital for that. (Tr. 312). She stated that the pain was bad enough that it prevented her from working or going to work - that it felt like sometimes her legs were just going to "come out from underneath me." (Tr. 313). She further stated that the tingling and numbness happened quite a bit (a couple of times a week) and would last anywhere from 2 hours to a day. She said that she was given Ativan to calm her down, and that doctors prescribed Darvocet for the pain and also used cortisone shots. (Tr. 314). However Plaintiff stated that she still suffered from back problems and pain and lived with it every day. She stated that there were days when if she bent or turned a certain way, it felt like there was a catch in her hip. (Tr. 314). She said that she had to either switch her body from one side to the next or lean back or lie down at times, and that once or twice a week, she just had to lie down. (Tr. 314).

The medical records indicate that Plaintiff began complaining of lower back pain as early as 2001, and was consistently diagnosed with chronic lower back pain thereafter. (Tr. 107-109, 137, 152, 162, 164, 167, 170, 287). In addition, Plaintiff is taking Darvocet for pain, which is apparently not controlling her pain.

Based upon Plaintiff's diagnosis and continuous allegations of low back pain, as well as the medical records indicating she has degenerative disc disease at L5-S1, the Court fails to see how the ALJ could determine that Plaintiff could perform light work, with certain restrictions, without the benefit of a Physical RFC Assessment. Accordingly, the Court believes this matter should be remanded so that the ALJ can obtain a Physical RFC Assessment from one of Plaintiff's treating physicians.

**IV. Conclusion:**

Based upon the foregoing, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 2nd day of May, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)